**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**CHARLESTON DIVISION**

IN RE:  C. R. BARD, INC.
           PELVIC REPAIR SYSTEMS
           PRODUCT LIABILITY LITIGATION        MDL No. 2325

-----------------------------------------------------------------

THIS DOCUMENT RELATES TO CIVIL
ACTION NUMBERS:

| | |
|---|---|
| Rizzo, et al. v. C. R. Bard, Inc. | 2:10-cv-01224 |
| Queen, et. Al. v. C. R. Bard, Inc. | 2:11-cv-00012 |
| Jones v. C. R. Bard, Inc. | 2:11-cv-00114 |
| Cisson, et. al. v. C. R. Bard, Inc. | 2:11-cv-00195 |

**MEMORANDUM OPINION AND ORDER**
(Defendant's Motion for Protective Order)

      Pending before the court is Defendant's Motion for Entry of Protective Order. (ECF Nos. 162, 135, 145, 133, respectively). Plaintiffs have responded to the motion, and Defendant has replied. After fully considering the positions of the parties, the court **GRANTS,** in part, and **DENIES**, in part, Bard's motion for protective order as outlined herein.

      In this multidistrict litigation, Defendant, C. R. Bard, Inc. ("Bard"), seeks the entry of a protective order prohibiting Plaintiffs from taking second depositions of witnesses that have been previously deposed. In summary, Bard claims that Plaintiffs have deposed numerous current and former Bard employees and now seek to re-depose many of the same witnesses as corporate designees under Fed. R. Civ. P. 30(b)(6). Bard argues that allowing additional depositions on the eve of trial would

be unduly burdensome and expensive. In addition, Bard contends that much of the information sought by Plaintiffs in Notices #2, #3, #7, and #10[1] has previously been provided in prior testimony or through massive document productions. According to Bard, entry of a protective order would prevent cumulative and duplicative testimony.

To the contrary, Plaintiffs argue that all of the previously deposed witnesses appeared in their individual capacities; thus, Plaintiffs are not seeking second depositions of the same witnesses. Plaintiffs contend that they are entitled to learn the corporation's official position on the issues in dispute, which has not yet been obtained. Moreover, Plaintiffs point out that Bard has the right to designate corporate representatives for 30(b)(6) depositions and is not obligated to produce any of the individuals that have already been deposed.

The parties agreed to a deposition protocol that applies to all cases filed in this multidistrict litigation. The protocol provides, in relevant part, as follows:

> Absent exigent circumstances, as a general rule, no witness should be deposed in this MDL proceeding on the same subject more than once. A party seeking to take a second deposition of a witness shall provide the opposing party its basis for an exception. Second depositions on new subject matter shall be permitted only upon consent of the parties or an Order of this Court issued for good cause shown. For purposes of this MDL proceeding, any deposition taken in a case not a part of this MDL proceeding shall not be considered a first deposition.

Clearly, this provision would govern the taking of the depositions at issue here *if* a Rule 30(b)(6) deposition of a previously deposed fact witness constitutes a second deposition of the same witness. The undersigned finds that it does not. A Rule 30(b)(6) designee speaks as the corporation and testifies regarding the knowledge, perceptions, and opinions of the corporation. However, when the same deponent

---

[1] With the exception of these Notices and Notice #4, the parties have resolved their disputes over the other Notices of Rule 30(b)(6) depositions.

testifies in his individual capacity, he provides only his personal knowledge, perceptions, and opinions. *United States v. Taylor,* 166 F.R.D. 356, 361 (M.D.N.C. 1996); *see, also*, *In re Motor Fuel Temperature Sales Practices Litig.,* 2009 WL 5064441, at *2 (D. Kan. Dec. 16, 2009) ("[C]ourts have consistently held that the fact that a company's employee was deposed under Rule 30(b)(1) does not insulate the company from producing the same—or another—individual as a corporate representative to give a Rule 30(b)(6) deposition."); *LendingTree, Inc. v. LowerMyBills, Inc.,* No. 3:05CV153-C, 2006 WL 2443685, at *2 (W.D.N.C. Aug.22, 2006) (Prior deposition testimony by a witness in his or her individual capacity does not preclude an Rule 30(b)(6) deposition of the same witness); *Foster–Miller, Inc. v. Babcock & Wilcox Canada,* 210 F.3d 1, 17 (1st Cir.2000).

Having determined that Plaintiffs' requests for Rule 30(b)(6) depositions do not run afoul of the limitations set forth in the deposition protocol, the court considers whether Bard's motion should be granted under the "good cause" standard of Rule 26(c) or the mandatory limitations on the frequency and extent of discovery contained in Rule 26(b)(2)(C). To succeed under the "good cause" standard of Rule 26(c), a party resisting discovery on the grounds of burdensomeness and oppression must do more to carry its burden than make conclusory and unsubstantiated allegations. *Convertino v. United States Department of Justice,* 565 F. Supp.2d 10, 14 (D.D.C. 2008) (the court will only consider an unduly burdensome objection when the objecting party demonstrates how discovery is overly broad, burdensome, and oppressive by submitting affidavits or other evidence revealing the nature of the burden); *Cory v. Aztec Steel Building, Inc.,* 225 F.R.D. 667, 672 (D. Kan. 2005) (the party opposing discovery on the ground of burdensomeness must submit detailed

facts regarding the anticipated time and expense involved in responding to the discovery which justifies the objection); *Bank of Mongolia v. M & P Global Financial Services, Inc.,* 258 F.R.D. 514, 519 (S.D. Fla.2009) ("A party objecting must explain the specific and particular way in which a request is vague, overly broad, or unduly burdensome. In addition, claims of undue burden should be supported by a statement (generally an affidavit) with specific information demonstrating how the request is overly burdensome.").

Under Rule 26(b)(2)(C), the court may limit the frequency or extent of otherwise appropriate discovery if the court determines that: (i) "the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive"; (ii) "the party seeking discovery has had ample opportunity to obtain the information by discovery in the action"; or (iii) "the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues." This rule "cautions that all permissible discovery must be measured against the yardstick of proportionality." *Lynn v. Monarch Recovery Management, Inc.,* 285 F.R.D. 350, 355 (D. Md. 2012) (quoting *Victor Stanley, Inc. v. Creative Pipe, Inc.,* 269 F.R.D. 497, 523 (D. Md. 2010)).

Bard has not provided the court with affidavits or other evidence under Rule 26(c) to establish that the proposed depositions are unduly burdensome, overly broad, oppressive, or unnecessarily invasive. Nonetheless, under Rule 26(b)(2)(C), the court does find that many of the topics included by Plaintiffs in the notices of Rule 30(b)(6) depositions are repetitive of topics already addressed at length by the

corporate witnesses who were the most knowledgeable about the topics and who are likely to be designated as corporate representatives for the proposed depositions. Consequently, it is also highly likely that a fair portion of the testimony to be provided pursuant to the 30(b)(6) notices will be cumulative or duplicative of testimony already submitted.

Weighing the parties' interests under the proportionality analysis of Rule 26(b)(2)(C), the court finds that Plaintiffs are entitled to obtain Bard's position of the topics contained in the notices, and Bard is entitled to limit the repetitiveness of the testimony given the costs and burdens associated with arranging depositions of the same former and present employees. Borrowing from the United States District Court for the District of Delaware in *Novartis Pharmaceuticals v. Abbott Laboratories,* 203 F.R.D. 159, 163 (D. Del. 2001), the undersigned concludes that these legitimate interests may be satisfied by a compromise. Accordingly, in lieu of designating a corporate witness to address topics that were already the subject of extensive testimony, Bard may designate the testimony that it is willing to adopt as its corporate position. However, to the extent that the witnesses did not provide testimony reflecting Bard's corporate knowledge and opinions, or did not supply complete testimony, Plaintiffs shall be permitted to proceed with Rule 30(b)(6) depositions.

Regarding Notice #4, which seeks extensive testimony and documentation regarding payments made by Bard to certain expert witnesses during the past eight (8) years, while the court finds the information to be relevant, the notice is overly broad and unduly burdensome given the considerations set forth in Rule 26(b)(2)(C)(iii). *See Behler v. Hanlon,* 199 F.R.D. 553 (D. Md. 2001). Therefore,

limitations on the scope of the discovery will be imposed.

Wherefore, the court **ORDERS** as follows:

1.      On or before **April 29, 2013**, Bard shall review each topic listed in Notices # 2, 3, 7, and 10 and provide Plaintiffs with either a designation of the prior testimony (by deponent, date, transcript page and line number) that Bard adopts as its corporate position on that topic, or with the name of a corporate representative who will appear at deposition.

2.      Plaintiffs are precluded from deposing witnesses on subject matter not raised until after expiration of the deadline for taking depositions of corporate witnesses.

3.      Bard shall designate a corporate representative to testify regarding the subject matter contained in Notice #4, with the following limitations. The inquiry shall be restricted to the total amount paid by Bard to the witnesses listed in subsections (d) through (o) between January 1, 2009 and the present. Bard shall not be required to provide invoices or other documents evidencing payments to the witnesses, but shall be required to provide Plaintiffs with 1099 or W2 forms reflecting payments made by Bard to the witnesses. Plaintiffs shall also be permitted to depose a corporate designee regarding the relationship between Bard and the companies listed in subsections (a) through (c), including, but not limited to, their practices and customs, and the amount of payments made by Bard to the companies for expert witness referral or consultation. Naturally, Plaintiffs may question the individual witnesses regarding payments they have received for consultation services in this case **and any other case or circumstance** when the consultation services were performed at the request or on behalf of Bard. Plaintiffs shall be permitted leave to

re-petition the court on the issue of expert payments should the discovery limitations imposed herein effectively prevent Plaintiffs from obtaining reliable information.

The court **DIRECTS** the Clerk to file a copy of this Order in the above-referenced civil actions and provide a copy to counsel of record.

**ENTERED:** April 22, 2013.

Cheryl A. Eifert
United States Magistrate Judge