IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

IN RE:     C. R. BARD, INC.,
                PELVIC REPAIR SYSTEM PRODUCTS LIABILITY LITIGATION

                                                                                    MDL No. 2187

_____

THIS DOCUMENT RELATES TO CIVIL ACTION
NUMBERS:

| | |
|---|---|
| Queen, et al. v. C. R. Bard, Inc. | 2:11-cv-00012 |
| Rizzo, et al. v. C. R. Bard, Inc. | 2:10-cv-01224 |
| Jones v. C. R. Bard, Inc. | 2:11-cv-00114 |

**MEMORANDUM OPINION AND ORDER**
(Motion to Stay or Alternatively to Certify for Immediate Interlocutory Appeal)

Pending is Defendant C. R. Bard, Inc.'s ("Bard") Motion to Stay or Alternatively to Certify for Immediate Interlocutory Appeal [Docket 350]. For the reasons set forth below, Bard's motion is **DENIED**.

**I.**     **Background**

This MDL involves several thousand cases alleging injury from the use of transvaginal surgical mesh to treat pelvic organ prolapse or stress urinary incontinence. By Pretrial Order # 32, I chose four bellwether cases and recently tried the first one, *Cisson, et al. v C.R. Bard, Inc.*, 2:11-cv-00195. That trial concluded with a verdict in favor of the plaintiff, Ms. Cisson, on August 15, 2013. The second bellwether case, *Queen*, was settled on August 21, 2013. The remaining two bellwether cases, *Rizzo* and *Jones*, are set for trial on October 8, 2013, and November 4, 2013, respectively. Docket citations herein are to the *Rizzo* case. Identical motions are also pending in *Queen* [Docket 328] and *Jones* [Docket 338], and this Memorandum Opinion

and Order applies to those cases as well. The instant motion seeks to stay the latter three bellwether cases pending an appeal of the final judgment in *Cisson* or, in the alternative, certification for an interlocutory appeal of my ruling on the 510(k) admissibility issue.

## II.     Discussion

Bard asks that I stay the *Queen*, *Jones*, and *Rizzo* trials pending the appeal of my rulings regarding admissibility of FDA regulatory evidence in the *Cisson* trial. "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North American Co.*, 299 U.S. 248, 254 (1936). In ruling on a motion to stay, a district court will exercise its judgment and "must weigh competing interests and maintain an even balance." *Id.* at 254-55. In *Hilton v. Braunskill*, the Supreme Court listed the factors regulating the issuance of a stay as follows: "(1) whether the stay applicant has made a strong showing that he [or she] is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." 481 U.S. 770, 776 (1987).

I **FIND** that a stay of the *Queen*, *Jones*, and *Rizzo* trials does not serve the interests of justice. Bard's motion does not succeed under even one of the *Hilton* factors. This is not the first occasion on which Bard has requested that I revisit my FDA ruling, and on each occasion Bard has failed to make a strong showing that my initial ruling was incorrect. At this time, I remain unconvinced that Bard is likely to succeed on the merits of any appeal related to the 510(k) issue. Further, Bard will not be irreparably injured by waiting until the last two bellwether trials conclude; however, considering the size and expense of this MDL, the plaintiffs might be injured

by delaying these last two bellwether trials. Finally, the numerosity of cases within the Bard MDL mandate celerity in the resolution of the bellwethers pending before me.

Alternatively, Bard asks that I certify the question of admissibility of Bard's compliance with federal regulations for immediate interlocutory appeal. In order to certify a non-final order for interlocutory appeal, this court must find that "an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). Furthermore, federal statutory and case law strongly favor finality in the district court before submission of a case to the court of appeals. *See* 28 U.S.C. § 1291; *Evergreen Int'l (USA) Corp. v. Standard Warehouse*, 33 F.3d 420, 423 (4th Cir. 1994). The preference for finality "is an important component of the judicial structure, for, as a general matter, it prevents the entanglement of the district and appellate courts in each other's adjudications in an unruly and ultimately inefficient way." *Id*. Given the importance of finality, interlocutory review is appropriate only in exceptional circumstances. *See Medomsley Steam Shipping Co.*, 317 F.2d at 743. I **FIND** that these cases and the relevant evidentiary rulings do not present an exceptional circumstance and that certifying this question for appeal will simply drag out this litigation further. If Bard seeks appellate review, standard appeals from final judgment are available.

### III. Conclusion

For the reasons stated above, it is **ORDERED** that Bard's Motion for a Stay or Certification for an Interlocutory Appeal (*Rizzo* [Docket 350] and *Jones* [Docket 338]) is **DENIED**. Furthermore, as *Queen* has been settled since the initial filing of this motion, Bard's Motion for a Stay or Certification for an Interlocutory Appeal in *Queen* [Docket 328] is **DENIED AS MOOT**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: August 22, 2013

_____
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE